## Webb v. Tri-State Fair & Racing Association.

(Decided March 17, 1931.)

FRED HOWES for appellant.

JOHN T. DIEDERICH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On July 23, 1923, S. A. Webb executed and delivered to the Tri-State Fair & Racing Association his promissory note for $500, payable 90 days after date. No part of the note having been paid, this action was brought on October 10, 1927, to enforce its collection. On March 17, 1928, Webb filed an answer and counterclaim, and thereafter an amended answer and counterclaim, presenting in substance the following defense: The note was exe-

cuted and accepted by the Tri-State Fair & Racing Association as payment for five shares of its capital stock. The corporation had been recently organized, and defendant knew nothing about the value of its stock, but relied solely and exclusively upon the statements and representations of its agent, who sold the stock, and took defendant's note ·therefor. Said agent wrongfully, fraudulently, and falsely represented to the defendant that one James W. Turner, then and now cashier of the Paintsville National Bank, had subscribed for a considerable block of said stock. Defendant had for a number of years, and did then, transact his banking business at said bank, and had implicit confidence and great faith in the judgment and integrity of said Turner. As a matter of fact, said Turner had not subscribed at said time, nor did he ever subscribe, for any stock in the corporation, and the agent's representations that he had subscribed were false, and known by him to be false, and were made for the purpose of inducing the defendant to subscribe for said stock, and execute his note. Said false and fraudulent representations were the chief and moving consideration in making the said subscription in the execution of said note, were relied upon by him, and, had it not been for them, he would not have subscribed for the stock or executed the note. He did not ascertain, nor could he have ascertained, by the exercise of reasonable diligence or prudence, the falsity of the fraudulent and ·wrongful misrepresentations until after he had made said subscription and executed said note. The five shares of capital stock were never delivered to him, and he did not know whether said stock was ever issued. He merely subscribed for the stock under the facts set out, and it was his understanding that it was the company's policy not to deliver any stock until it was fully paid for, and defendant had never paid any part of the subscription price for the reasons set out. The pleading concluded with a prayer that the note and subscription be canceled, and that plaintiff take nothing under his petition. A demurrer was sustained to the answer and counterclaim as amended, and, the defendant having declined to plead further, the counterclaim was dismissed, and judgment rendered in favor of the plaintiff. Defendant appeals.

It may be conceded that a false representation made by the agent of a corporation engaged in selling its stock that a certain prominent business man, in whose judgment and integrity the intending purchaser had great

confidence, had purchased a large block of the stock, is such fraud as will justify the rescission of a contract of subscription where the purchaser relies upon the statement and is thereby induced to enter into the contract. Southern Insurance Co. v. Milligan, 154 Ky. 216, 157 S. W. 37; 14 C. J. 606. Therefore the answer and counterclaim as amended presents a good defense, and authorizes the relief sought, unless demurrable on the ground that it exhibits a case where relief should be denied on account of laches. Laches is not mere delay, but delay that works a disadvantage to another. Preston v. Jeffers, 179 Ky. 384, 200 S. W. 654. Hence delay in rescinding is always open to explanation. Whether it was so reasonable as to constitute laches and bar a rescission depends, not only on the lapse of time, but also on the particular circumstances of the case. Grosh v. Ivanhoe Co., 95 Va. 171, 27 S. E. 841, 844.

Ordinarily, where the question is between the original parties solely, and no change of condition appears, mere failure to proceed promptly will not defeat the right of rescission. Dakota National Bank v. Taylor, 5 S. D. 99, 58 N. W. 297; Preston v. Jeffers, supra. Here the question arises between the original parties, and the circumstances are not before us. There is no showing that appellant, by any act inconsistent with a rescission, ratified the contract of subscription and treated it as binding. No change of condition due to the delay is shown. It does not appear that the corporation is insolvent, or the rights of other stockholders or creditors will be adversely affected by a rescission. In short, there is disclosed no circumstances that would make it inequitable to grant the relief asked. In the absence of all the facts and circumstances, we are not inclined to the view that mere delay short of limitation amounts to a ratification of the contract of subscription or constitutes such laches as will defeat the right of rescission. It follows that the demurrer to the answer and counterclaim as amended should have been overruled.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.

Whole court sitting.